UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NEIL HORNSBY and MARICOR POAGE HORNSBY, husband and wife,<br><br>    Plaintiffs,<br><br>    v.<br><br>ALCOA, INC.,<br><br>    Defendant. | No. 2:14-cv-00394-SAB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; CLOSING FILE** |

Before the Court is Defendant's Motion to Dismiss Plaintiffs' Complaint, ECF No. 19. A hearing on the motion was held on July 30, 2015 in Spokane, Washington. Plaintiffs were represented by Julie Anderson. Defendant was represented by G. William Shaw.

Previously, the Court granted Defendant's Motion to Dismiss, but granted Plaintiffs leave to file an Amended Complaint. Plaintiffs filed their First Amended Complaint on April 14, 2015. Defendant then filed its second Motion to Dismiss.

Prior to filing this federal action, Plaintiff Neil Hornsby sought worker's compensation benefits for injuries suffered by him, which Plaintiffs believed were caused by the working conditions at the Alcoa Wenatchee Works plant. His claim was denied, and the denial was affirmed by the Chelan County Superior Court. That decision is currently on appeal.

///

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; CLOSING FILE** ~ 1

### PLAINTIFFS' FIRST AMENDED COMPLAINT

In response to the Court's order dismissing their initial Complaint, Plaintiffs filed a twenty-seven page First Amended Complaint. As in the initial Complaint, Plaintiffs presented allegations that Defendant had actual knowledge that prolonged exposure to alumina caused illness to the lungs and heart based on its international research and employee testing case studies, and reported illnesses. They alleged that Alcoa was also aware that prolonged exposure to heat stress would damage the heart.

Plaintiffs added additional allegations, which are summarized below:

- Defendant had access to Neil Hornsby's medical records which put it on notice that his health was failing; it also had access to all employee's health records for monitoring purposes so it would know when an employee's health began to decline;
- Defendant failed to upgrade the plant and failed to follow its own respiratory protection program;
- Defendant tampered with pot room conditions when tests were performed to improve the air quality recorded during the testing;
- An article published by the World Socialist Web Site (wsws.org) reported that workers and residents suffered health problems from Alcoa's Alumina plant in Wagerup, Australia;
- Neil Hornsby's doctor believes his lung disease was caused from being exposed to aluminum dust and fumes at the Alcoa plant;
- Alcoa first issued aluminum-related warnings in 1983; in 1990, Alcoa first placed warnings on its aluminum alloy products;
- Alcoa is aware of research done by the International Aluminum Institute (IAI) because on its website states it has a "longstanding relationship with the Health Committee of the International Aluminum Institute";
- A review published by the IAI concluded that "exposure to aluminum

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; CLOSING FILE** ~ 2

- powder is thought to be directly correlated with the development of pulmonary fibrosis in aluminum industry workers";
- Each of the studies cited by the review put Defendant on notice that several lung diseases have been associated with the aluminum industry;
- In 2004, the American Heart Association issued a statement that air pollution contributes to cardiovascular illness and mortality; and
- Discovery from other cases indicates existence of internal memos, databases, and mortality studies at Alcoa's corporate headquarters.

In addition, Plaintiffs alleged these additional facts: In 2005, Plaintiff Neil Hornsby collapsed from heat stress; Alcoa knew that further damage to Plaintiff's heart was certain to occur if he continued working in the pot rooms; and Plaintiff had testing done in 2007, which put Alcoa on notice that he would continue to be injured while working in the pot rooms.

## MOTION STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* In ruling on a motion to dismiss, the Court must accept as true all of the material allegations contained in the complaint, as well as all reasonable inferences to be drawn from them. *Navarro*, 250 F.3d at 732.

Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). A complaint is insufficient if it tenders "naked assertions devoid of further factual enhancement." *Id.*

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; CLOSING FILE** ~ 3

As set forth in the Court's prior order, the Washington Industrial Insurance Act provides a no-fault system of compensation for on-the-job injuries. Wash. Rev. Code § 51.04.010, *et seq.* Because Plaintiff is bringing a claim under the deliberate injury exception of the Act, § 51.24.020, to survive Defendant's motion to dismiss, Plaintiffs must plead facts that establish that (1) Alcoa had actual knowledge that an injury was certain to occur; and (2) that Alcoa willfully disregarded that knowledge. *Birklid v. Boeing Co.*, 127 Wash.2d 853, 865 (1995).

## ANALYSIS

Here, notwithstanding Plaintiffs' additional allegations, their First Amended Complaint fails to allege facts that meet the stringent requirements for bringing a claim under the deliberate injury exception of the Industrial Insurance Act ("IIA"). While Plaintiffs have alleged facts suggesting there may have been substantial certainty that injury would occur to Plaintiff Neil Hornsby, they have failed to allege facts supporting a finding that injury was certain, which is what is required under Wash. Rev. Code § 51.24.020. *See Vallandigham v. Clover Park Sch. Dist. No. 400,* 154 Wash.2d 16, 17 (2005) ("We reiterate that in order for an employer to act with deliberate intent, injury must be *certain*; substantial certainty is not enough.") (emphasis in original).

Additionally, while Plaintiffs' allegations may support a negligence claim (failure to warn), or even a gross negligence claim, this, too, is not enough to survive a motion to dismiss. *Id.* (citation omitted) ("We note that this court has held that negligence, even gross negligence, cannot satisfy the deliberate intentional exception to the IIA. An inquiry into the reasonableness or effectiveness of an employer's remedial measures sounds in negligence, and we reject any notion that a reasonableness or negligence standard can be applied to determine whether an employer has acted with willful disregard.").

Finally, while Plaintiffs' allegations support the conclusion that Plaintiff Neil Hornsby's injuries were foreseeable or that Defendant ignored the risk of

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; CLOSING FILE** ~ 4

injury, this is not enough to allege a claim under the deliberate injury exception. *See Brame v. Western State Hosp.*, 136 Wash.App. 740, 747 (2007) ("Foreseeability is not enough to establish deliberate intent to injure an employee, nor is an admission that injury would probably occur."); *Vallandigham*, 154 Wash.2d at 33 (emphasis in original) ("Even an admission that the district recognized that injury would probably occur is not enough to establish knowledge of *certain* injury.").

For the second time, Plaintiff has failed to allege facts establishing that Defendant knew for certain that Plaintiff Neil Hornsby was going to be injured due to the exposure to certain chemicals while he was working at the Wenatchee Works plant. Given the stringent pleading requirements to state a deliberate injury claim under the IIA, the Court concludes that leave to amend would be futile.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss Plaintiffs' Complaint for Failure to State a Claim Upon Which Relief Can Be Granted, ECF No. 19, is **GRANTED**.

2. The District Court Executive is directed to **dismiss** the above-captioned complaint, and close the file.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and close the file.

**DATED** this 4th day of August, 2015.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; CLOSING FILE** ~ 5