FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 05, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| NEIL HORNSBY and MARICOR POAGE HORNSBY, husband and wife,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>ALCOA INC.,<br><br>　　Defendant. | No. 2:14-CV-00394-SAB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT** |

　　Before the Court is Plaintiff's Motion to Set Aside Judgment, ECF No. 35. The motion was heard without oral argument.[1] Plaintiff is represented by Beth Bollinger and William Gilbert. Although Defendant was served on September 21, 2025, ECF No. 37, no notice of appearance has been filed, and no response to Plaintiff's motion has been filed by Defendant.

　　Plaintiff asks the Court to set aside the August 4, 2015 judgment and reinstate the above-captioned case. Good cause exists to grant Plaintiff's motion.

//

//

---

[1] The Court has determined oral argument is not warranted. *See* LCivR 7(i)(3)(B)(iii).

**ORDER GRANTING PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT** ~ 1

## PROCEDURAL BACKGROUND

The Court dismissed Plaintiff's First Amended Complaint for failure to state a claim in August 2015, ECF No. 24, and the Ninth Circuit affirmed. ECF No. 31. It noted that while generally employers receive immunity from civil suits resulting from on-the-job injuries under the Washington Industrial Insurance Act (IIA),[2] they can be held liable for deliberately intending to injure their employees.[3] The courts relied on *Walston v. Boeing Co.*, 181 Wash.2d 391 (2014), which held an employer deliberately injures an employee if "the employer had actual knowledge that an injury *is certain* to occur and willfully disregards that knowledge,"[4] to find Plaintiff failed to allege sufficient facts to show Defendant deliberately intended to injury Plaintiff.

Recently, the Washington Supreme Court overruled *Walston* and held a plaintiff can satisfy the deliberate injury exception to the exclusivity provision of IIA if they demonstrate the employer had actual knowledge that latent diseases are *virtually certain*[5] to occur and willfully disregard such knowledge. *Cockrum v. C.H. Murphy/Clark-Ullman, Inc.*, 4 Wash.3d 874 (2025) (emphasis added). In so

---

[2] Wash. Rev. Code § 51.04.010.

[3] § 51.24.020.

[4] *Walston*, 181 Wash.2d at 394 (emphasis added).

[5] The court provided a nonexclusive list of facts that may be relevant in determining whether the virtual certainty requirement is met: (1) the employer's knowledge of ongoing, repeated development of symptoms known to be associated with the development of latent disease over time, (2) the employer's knowledge of symptoms developing in employees similarly situated to the plaintiff employee, (3) the timing of such symptoms developing prior to or contemporaneous with the plaintiff-employee's exposure(s), and (4) whether the exposure arises from a common major cause within the employer's control.

**ORDER GRANTING PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT** ~ 2

doing, the court noted that *Walston* incorrectly contradicted the plain text of the statute and public policy behind the IIA[6], and characterized *Walston* as "harmful," "a mistake," and incorrect. *Id.* at 876.

## BACKGROUND FACTS

From 2000 to 2002, and again from 2003 to 2008, Neil Hornsby worked at Alcoa Wenatchee Works in various capacities in the pot rooms. In 2015, Hornsby was diagnosed with congestive heart failure, Stage II. He then sued Alcoa under Washington's Industrial Insurance Act, RCW 51.24.020, alleging that Alcoa deliberately injured him. Plaintiff has now been diagnosed with mesothelioma and aluminosis.

## MOTION STANDARD

Rule 60(b) allows a party to seek relief from final judgment and reopen a case based on mistake or excusable neglect, newly discovered evidence, fraud, or the void or prospectively inequitable status of a judgment. *See* Fed. R. Civ. P. 60(b)(1)–(5). Rule 60(b) also includes a "catchall" provision—Rule 60(b)(6)—that allows a district court to reopen a case for "'any other reason that justifies relief.'" *Kemp v. United States*, 596 U.S. 528, 533 (2022). A party seeking relief based on mistake or excusable neglect, new evidence, or fraud faces a 1-year limitations period. *See* Fed. R. Civ. Proc. 60(c)(1). That time bar, however, does not apply to motions for relief filed under Rule 60(b)(6). *Id.* Relief under Rule 60(b)(6) requires extraordinary circumstances, and it is only available when Rules 60(b)(1) through (b)(5) are inapplicable. *Kemp*, 596 U.S. at 533.

---

[6] The court explained:
> *Walston* is incorrect because it adds words to the statute where there are none (excluding diseases caused by deliberate intention), renders other language superfluous (RCW 51.24.030(3)'s inclusion of "disease" as a type of injury compensable in a cause of action under that chapter), and undermines the policy of providing a cause of action for deliberately intended workplace injuries including diseases.

*Id.* at 888.

ORDER GRANTING PLAINTIFF'S MOTION TO SET ASIDE
JUDGMENT ~ 3

  Generally, a change in the law does not constitute an extraordinary circumstance justifying Rule 60(b)(6) relief. *BLOM Bank SAL v. Honickman,* 605 U.S. 204, 211 (2025). Otherwise, every time an appeals court or the Supreme Court reached a conclusion of law different from that of a lower court, parties adversely affected by the now defunct, previous law could seek to reopen their case. *See Gonzalez v. Crosby*, 545 U.S. 524, 536–37 (2005).

  That said, the Ninth Circuit has recognized in limited circumstances a change in the controlling law can provides extraordinary circumstances that justifying relief under Rule 60(b)(6). *Henson v. Fidelity Nat'l Financial, Inc.*, 943 F.3d 434, 444 (9th Cir. 2019). In deciding a Rule 60(b)(6) motion based on changes in the controlling law, courts are to assess the motion on a case-by-case basis, evaluate the circumstances surrounding the specific motion before the court; and balance the competing interests of finality of judgments and the "incessant command of the court's conscience that justice be done in light of all the facts." *Id.* (citations and quotations omitted)

  "Rule 60(b)(6) is a grand reservoir of equitable power . . . and its affords courts the discretion and power to vacate judgments whenever such action is appropriate to accomplish justice." *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009).

## Analysis

  Plaintiff's motion is unopposed. For that reason alone, the Court will grant the motion, set aside the judgment and reinstate the above-captioned case. Additionally, Plaintiff has shown that extraordinary circumstances justify reopening this case. As the Washington Supreme Court recognized, under its prior decision in *Walston,* no employee could successfully sue for a latent disease like mesothelioma because they could never satisfy the level of certainty required, even though "it is undisputed that Alcoa knowingly exposed its employees to asbestos, knowing that asbestos was hazardous and could lead to long-term injuries."

**ORDER GRANTING PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT** ~ 4

*Cockrum*, at 876. It also recognized *Walston* was harmful "because it denies relief to employees who happen to be injured in the form of disease that may take years to manifest rather than immediate and visible injuries." *Id.* at 886. And the court noted that "exposure to the expenses of the deliberate injury tort dissuades employers from perpetuating deliberate exposure to asbestos." *Id.* at 887-888 (quotation omitted). As the court saw it, "[e]mployers should not be permitted to play Russian roulette with workers lives." *Id.* (quotation omitted).

Plaintiff was never given his day in court while his employer was given a pass, even though it may have had actual knowledge regarding the dangers of asbestos exposure and willfully disregarded that knowledge. Justice is served by setting aside the judgment in this matter and reinstating this case.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Set Aside Judgment, ECF No. 35, is **GRANTED**. The November 13, 2025 hearing on the motion is **STRICKEN**.

2. The above-captioned action is **REINSTATED**.

3. Plaintiff is granted leave to file a Second Amended Complaint. If no Amended Complaint is filed **within fourteen (14) days** from the date of this Order, Defendant shall file its Answer to Plaintiff's First Amended Complaint no later than **December 3, 2025**. If a Second Amended Complaint is filed, Defendant shall file its response according to the deadlines set forth in the Fed. R. Civ. P.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 5th day of November 2025.



Stan Bastian
Chief United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT** ~ 5