FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 11, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

NEIL HORNSBY and MARICOR POAGE HORNSBY, husband and wife,

Plaintiffs,

v.

ALCOA INC.,

Defendant.

No. 2:14-CV-00394-SAB

**ORDER GRANTING PLAINTIFF'S AMENDED MOTION TO SET ASIDE JUDGMENT**

Before the Court is Plaintiffs' Motion to Set Aside Judgment, ECF No. 54 The motion was heard without oral argument. Plaintiffs are represented by Ashley Richards, Beth Bollinger and William Gilbert. Defendant is represented by G. William Shaw and Kevin James Craig.

Plaintiffs ask the Court to set aside the August 4, 2015 judgment and reinstate the above-captioned case because the Washington Supreme Court's recent decision in *Cockrum v. C.H. Murphy/Clark-Ullman, Inc.*, effectively overruled *Watson v. Boeing Co*, which interpreted the deliberate injury exception with regard to latent disease claims with regard to mesothelioma and which was relied on by this Court and the Ninth Circuit to dismiss Plaintiff's Complaint.

//

//

**ORDER GRANTING PLAINTIFF'S AMENDED MOTION TO SET ASIDE JUDGMENT** ~ 1

## PROCEDURAL BACKGROUND

The Court dismissed Plaintiff's First Amended Complaint for failure to state a claim in August 2015, ECF No. 24, and the Ninth Circuit affirmed. ECF No. 31. It noted that while generally employers receive immunity from civil suits resulting from on-the-job injuries under the Washington Industrial Insurance Act (IIA),[1] they can be held liable for deliberately intending to injure their employees.[2] The courts relied on *Walston v. Boeing Co.*, 181 Wash.2d 391 (2014), which held an employer deliberately injures an employee if "the employer had actual knowledge that an injury *is certain* to occur and willfully disregards that knowledge,"[3] to find Plaintiff failed to allege sufficient facts to show Defendant deliberately intended to injury Plaintiff.

Recently, the Washington Supreme Court overruled *Walston* and held a plaintiff can satisfy the deliberate injury exception to the exclusivity provision of IIA if they demonstrate the employer had actual knowledge that latent diseases are *virtually certain*[4] to occur and willfully disregard such knowledge. *Cockrum v. C.H. Murphy/Clark-Ullman, Inc.*, 4 Wash.3d 874 (2025) (emphasis added). In so

---

[1] Wash. Rev. Code § 51.04.010.

[2] § 51.24.020.

[3] *Walston*, 181 Wash.2d at 394 (emphasis added).

[4] The court provided a nonexclusive list of facts that may be relevant in determining whether the virtual certainty requirement is met: (1) the employer's knowledge of ongoing, repeated development of symptoms known to be associated with the development of latent disease over time, (2) the employer's knowledge of symptoms developing in employees similarly situated to the plaintiff employee, (3) the timing of such symptoms developing prior to or contemporaneous with the plaintiff-employee's exposure(s), and (4) whether the exposure arises from a common major cause within the employer's control.

**ORDER GRANTING PLAINTIFF'S AMENDED MOTION TO SET ASIDE JUDGMENT** ~ 2

doing, the court noted that *Walston* incorrectly contradicted the plain text of the statute and public policy behind the IIA[5], and characterized *Walston* as "harmful," "a mistake," and incorrect. *Id.* at 876.

## BACKGROUND FACTS

From 2000 to 2002, and again from 2003 to 2008, Neil Hornsby worked at Alcoa Wenatchee Works in various capacities in the pot rooms. In 2015, Hornsby was diagnosed with congestive heart failure, Stage II. Recently, Plaintiff was diagnosed with mesothelioma and aluminosis.

## MOTION STANDARD

Rule 60(b) allows a party to seek relief from final judgment and reopen a case based on mistake or excusable neglect, newly discovered evidence, fraud, or the void or prospectively inequitable status of a judgment. *See* Fed. R. Civ. P. 60(b)(1)–(5). Rule 60(b) also includes a "catchall" provision—Rule 60(b)(6)—that allows a district court to reopen a case for "'any other reason that justifies relief.'" *Kemp v. United States*, 596 U.S. 528, 533 (2022). A party seeking relief based on mistake or excusable neglect, new evidence, or fraud faces a 1-year limitations period. *See* Fed. R. Civ. Proc. 60(c)(1). That time bar, however, does not apply to motions for relief filed under Rule 60(b)(6). *Id.* Relief under Rule 60(b)(6) requires extraordinary circumstances, and it is only available when Rules 60(b)(1) through (b)(5) are inapplicable. *Kemp*, 596 U.S. at 533.

Generally, a change in the law does not constitute an extraordinary circumstance justifying Rule 60(b)(6) relief. *BLOM Bank SAL v. Honickman,* 605

---

[5] The court explained:

> *Walston* is incorrect because it adds words to the statute where there are none (excluding diseases caused by deliberate intention), renders other language superfluous (RCW 51.24.030(3)'s inclusion of "disease" as a type of injury compensable in a cause of action under that chapter), and undermines the policy of providing a cause of action for deliberately intended workplace injuries including diseases.

*Id.* at 888.

**ORDER GRANTING PLAINTIFF'S AMENDED MOTION TO SET ASIDE JUDGMENT** ~ 3

U.S. 204, 211 (2025). Otherwise, every time an appeals court or the Supreme Court reached a conclusion of law different from that of a lower court, parties adversely affected by the now defunct, previous law could seek to reopen their case. *See Gonzalez v. Crosby*, 545 U.S. 524, 536–37 (2005).

That said, the Ninth Circuit has recognized in limited circumstances a change in the controlling law can provide extraordinary circumstances that justify relief under Rule 60(b)(6). *Henson v. Fidelity Nat'l Financial, Inc.*, 943 F.3d 434, 444 (9th Cir. 2019). In deciding a Rule 60(b)(6) motion based on changes in the controlling law, courts are to assess the motion on a case-by-case basis, evaluate the circumstances surrounding the specific motion before the court; and balance the competing interests of finality of judgments and the "incessant command of the court's conscience that justice be done in light of all the facts." *Id.* (citations and quotations omitted)

"Rule 60(b)(6) is a grand reservoir of equitable power . . . and it affords courts the discretion and power to vacate judgments whenever such action is appropriate to accomplish justice." *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009).

**Analysis**

Here, extraordinary circumstances exist to justify reopening this case. Notably, the plaintiff in *Cockrum* and Mr. Hornsby were employed by the same company and developed the same disease. Both should be allowed to have their day in court. *See Hall v. Haws*, 861 F.3d 977, 987-88 (9th Cir. 2017). Under Washington law, the *Cockrum* decision applies retroactively since the decision is silent regarding prospective-only relief, s*ee Lunsford v. Saberhagen Holdings, Inc,* 166 Wash.2d 264, 267 (2009), and there is no need to certify the question to the Washington Supreme Court. Given that Plaintiff was recently diagnosed with mesothelioma and aluminosis, the interest of justice outweighs any interest in the finality of the judgment.

**ORDER GRANTING PLAINTIFF'S AMENDED MOTION TO SET ASIDE JUDGMENT** ~ 4

Accordingly, **IT IS HEREBY ORDERED:**

1.  Plaintiffs' Amended Motion to Set Aside Judgment, ECF No. 54, is **GRANTED**.

2.  The above-captioned action is **REINSTATED**.

3.  Within twenty (20) days from the date of this Order, Defendant shall file its Answer to Plaintiffs' Second Amended Complaint.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 11th day of March 2026.



_____
Stan Bastian
Chief United States District Judge

**ORDER GRANTING PLAINTIFF'S AMENDED MOTION TO SET ASIDE JUDGMENT** ~ 5